A TRUE COPY I CERTIFY
James G. Woodward, Clerk

By: David L. Braun
Deputy Clerk

For the United States District Court
Eastern District of Missouri

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NUVARING PRODUCTS
LIABILITY LITIGATION

MDL No. 1964

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in seven actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 1964. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 1964, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Eastern District of Missouri was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from the Nuvaring hormonal contraceptive product. *See In re NuvaRing Prods. Liab. Litig.*, 572 F. Supp. 2d 1382, 1382-83 (J.P.M.L. 2008). These actions all involve injuries arising from the use of the Nuvaring product and clearly fall within the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact with actions pending in MDL No. 1964. Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court. Plaintiffs in these actions can present their motions for remand to the transferee judge.[2] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Merck & Co., Inc.; Organon International Inc.; Organon Pharmaceuticals USA Inc., LLC; Organon USA, Inc.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Rodney W. Sippel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |

IN RE: NUVARING PRODUCTS
LIABILITY LITIGATION  MDL No. 1964

## SCHEDULE A

<u>Central District of California</u>

Beatrice Burgueno, et al. v. Organon USA, Inc., et al., C.A. No. 2:12-10883
Catalina Chinchilla, et al. v. Organon USA, Inc., et al., C.A. No. 2:13-00039
Porshe Smith, et al. v. Organon USA, Inc., et al., C.A. No. 2:13-00130
Elizabeth Vasquez, et al. v. Organon USA, Inc., et al., C.A. No. 5:13-00055
Judy Hackett, et al. v. Organon USA, Inc., et al., C.A. No. 5:13-00077

<u>Northern District of California</u>

Mirna Gonzalez, et al. v. Organon USA, Inc., et al., C.A. No. 4:12-06161
Aimee Axelrod, et al. v. Organon USA, Inc., et al., C.A. No. 4:13-00117